**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| Marketia Larqua Kinzer,<br><br>Appellant,<br>v.<br><br>Vanderbilt Mortgage and Finance, Inc.,<br><br>Appellee. | Case No. 2:26-1913-RMG<br><br>**Order** |

Before the Court is the R&R of the Magistrate Judge recommending that Appellant's motion for leave to appeal be denied and the appeal dismissed. (Dkt. No. 17). Objections to the R&R were due on August 28, 2026. Appellant has not filed any objections.

On April 2, 2026, Appellant filed a voluntary bankruptcy petition in the Bankruptcy Court. *In re Kinzer*, Case No. 26-01459-jd. On May 8, 2026, the Bankruptcy Court entered an order confirming that there was no automatic stay in the case under 11 U.S.C. § 362. *See* Order Denying Stay Pending Appeal, (Dkt. No. 37 at 3) (noting Appellant was not entitled to automatic stay because § 362(c)(4) "plainly provides that no automatic stay arises when a debtor has had two or more prior cases pending and dismissed within the preceding year. Section 362(j) further directs the Court to enter an order confirming that no stay is in effect upon request of a party in interest. The Court's prior Order merely recognized the legal consequence mandated by the Bankruptcy Code"). Appellant then filed a notice of appeal without first filing a motion for leave to appeal with the bankruptcy court. 28 U.S.C. § 158(c) (district courts have jurisdiction to hear appeals "with leave of the court, from other interlocutory orders and decrees").

On August 14, 2026, the Magistrate Judge issued an R&R recommending that the Court dismiss the appeal. The R&R noted that the District Court has jurisdiction to hear appeals of interlocutory orders only when leave to appeal had been granted. (Dkt. No. 17 at 3). The R&R further noted that Rule 8004 of the Federal Rules of Bankruptcy Procedure permits the Court to treat the notice of appeal as a motion for leave to appeal and grant or deny it. (*Id.*). Finally, the R&R recommended denying Appellant's motion for leave to appeal because the order being challenged did not involve a controlling question of law to which there was a substantial ground for difference of opinion. (*Id.*).

After a careful review of the R&R, the Court finds that the Magistrate Judge ably addressed the issues and correctly found that the Court should not permit Appellant's interlocutory appeal. (Dkt. No. 17 at 4) ("Judge Davis' order confirming that there is no automatic stay in the Bankruptcy Case does not involve a controlling question of law for which there is any ground for difference of opinion – much less a substantial ground as required to meet the interlocutory appeal test."). Accordingly, the Court **ADOPTS** the R&R as the Order of the Court, denies leave to appeal, and dismisses this appeal.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

September 15, 2026
Charleston, South Carolina